1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANIEL JAFAIN HARRIS,                    No. 1:22-cv-00660 JLT GSA (PC)

12              Plaintiff,                      ORDER DIRECTING PLAINTIFF TO SHOW
                                               CAUSE WHY THIS MATTER SHOULD NOT
13        v.                                   BE SUMMARILY DISMISSED AS
                                               UNTIMELY FILED AND FOR FAILURE TO
14    CITY OF MADERA, et al.,                  EXHAUST ADMINISTRATIVE REMEDIES

15              Defendants.                     (ECF No. 20)

16                                             PLAINTIFF'S SHOWING OF CAUSE OR, IN
                                               THE ALTERNATIVE, HIS VOLUNTARY
17                                             DISMISSAL OF THIS MATTER DUE IN
                                               FOURTEEN DAYS
18

19
            Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil
20
      rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
21
      Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
22
            Before this Court is Plaintiff's first amended complaint.  ECF No. 20.  For the reasons
23
      stated below, Plaintiff will be ordered to show cause why this matter should not be summarily
24
      dismissed as untimely and for failure to exhaust administrative remedies.  Plaintiff's showing of
25
      cause or, in the alternative, his voluntary dismissal of this matter due in fourteen days.
26

27

28
                                              1

1        I.    RELEVANT FACTS

2        On May 20, 2025, Plaintiff's complaint was screened.  ECF No. 17.  The complaint

3    named the City of Madera; the Madera Sheriff Department, and the Madera County Department

4    of Corrections as Defendants, and it raised general violations of right stemming from Defendants'

5    alleged violations of government policies related to the California Law Enforcement

6    Telecommunications System ("CLETS"), and acts of negligence related to his federal rights.  See

7    ECF No. 1 at 1-3.  It alleged that the violations of right occurred from September 29, 2016,

8    through October 23, 2017, and that the alleged violations were ongoing.  See id. at 6.

9        In the screening order, the Court found that the pleading failed to state a claim upon which

10   relief could be granted because it contained no specific facts and because it failed to identify the

11   governmental policy and/or procedure that Defendants were alleged to have violated.  See ECF

12   No. 17 at 5.  In addition, the Court found that Plaintiff's allegations against entities like the

13   sheriff's department were not actionable under Section 1983 for the actions of an employee, and

14   that absent a showing of a clear policy or custom, a municipality could not be held liable under

15   Section 1983, either.  Id. at 5-6.

16       Based on these findings, the Court found that the complaint failed to state any claim upon

17   which relief could be granted, and Plaintiff was given the opportunity to file an amended

18   complaint.  ECF No. 17 at 8-9.  He was given thirty days to do so.  At that time, Plaintiff was

19   given instruction with respect to what his amended complaint should contain if he chose to file

20   one.  Id. at 8.  He was also sent a copy of the Court's Civil Rights Complaint By a Prisoner form

21   to use when filing the amended complaint.  See id. at 9.

22       II.   PLAINTIFF'S FIRST AMENDED COMPLAINT

23       Plaintiff has filed a first amended complaint.  ECF No. 20.  In it, Plaintiff names the City

24   of Madera again as a Defendant.  See id. at 1.  However, he also names two completely different

25   Defendants who were not mentioned in the original complaint: Luz Romero, the Administration

26

27

28
                                            2

1    Supervisor for the Madera Department of Correction, and Christine Najiri[1] of the Madera County

2    District Attorney's Office.  Id. at 2-3.

3         In Plaintiff's two claims in the FAC, he essentially alleges that Defendants Romero and

4    Najiri violated his due process rights and engaged in negligence, illegal misconduct, and the

5    deprivation of his liberty, civil and constitutional rights when, on September 29, 2016, they

6    conspired to and arranged unauthorized visitation between himself and one Klara Bess, for the

7    purpose of entrapment and the gathering incriminating information against him related to a

8    criminal conviction.  ECF No. 20 at 3-4.

9         Plaintiff's FAC also clearly states that there was an inmate appeal process available to him

10   at the Madera County Jail, but that he did not file an appeal or a grievance related to his two

11   claims because "remedies for complaint are unavailable at institution, facility or prison."  ECF

12   No. 20 at 2 (errors in original).

13        III.   APPLICABLE LAW

14            A.  Statute of Limitations to File a Complaint

15        In federal court, federal law determines when a claim accrues, and "under federal law, a

16   claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of

17   the action.'"  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir.

18   2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192

19   F.3d 911, 914 (9th Cir. 1999)).  In the absence of a specific statute of limitations, federal courts

20   should apply the forum state's statute of limitations for personal injury actions.  Lukovsky, 535

21   F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.  California's two-

22   year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims.  See

23   Jones, 393 F.3d at 927.  California's statute of limitations for personal injury actions requires that

24   the claim be filed within two years.  Cal. Code Civ. Proc., § 335.1.

25        In actions where the federal court borrows the state statute of limitations, the court should

26   also borrow all applicable provisions for tolling the limitations period found in state law.  See

27

28   [1] It is unclear what the correct spelling of this Defendant is.  Plaintiff's handwriting is not legible.
     See ECF No. 20 at 3.

1    Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989).  Pursuant to California Code

2    of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1

3    provides, in pertinent part, as follows:

4

5        (a) If a person entitled to bring an action, . . . is, at the time the cause of action
         accrued, imprisoned on a criminal charge, or in execution under the sentence of a
6        criminal court for a term less than for life, the time of that disability is not a part of
         the time limited for the commencement of the action, not to exceed two years.

7

8    Cal. Code Civ. Proc., § 352.1.

9        The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs.

10   Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of

11   California, 21 Cal.3d 313, 318 (1978).  Additionally, whether an inmate is entitled to equitable

12   tolling is decided by state law except to the extent that it is inconsistent with federal law.  Jones,

13   393 F.3d at 927.  The Ninth Circuit has recognized that prisoners relying on the California statute

14   of limitations are entitled to equitable tolling of the statute of limitations while completing the

15   mandatory exhaustion process.  See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).  "Where

16   exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is

17   automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of

18   administrative remedies is a prerequisite to the initiation of a civil action, the running of the

19   limitations period is tolled during the time consumed by the administrative proceeding.'"

20   McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v.

21   Derby,12 Cal. 3d 410, 414 (1974); cf. Code Civ. Proc. § 356 [tolling applies whenever

22   commencement of an action is statutorily prohibited].)

23               B.  Exhaustion Requirement

24       The claims of inmates who challenge their conditions of confinement are subject to the

25   Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that

26   inmates exhaust all available administrative remedies before filing 'any suit challenging prison

27   conditions,' including, but not limited to, suits under [Section] 1983."  Albino v. Baca, 747 F.3d

28

4

1   1162, 1171 (9th Cir. 2014) (brackets added) (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006));

2   <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his

3   administrative remedies . . . before that complaint is tendered to the district court.").  There are

4   few exceptions to this rule.  <u>See</u> <u>Ross v. Blake</u>, 578 U.S. 632, 643-44 (2016) (exceptions to

5   exhaustion requirement).

6          "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of

7   administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust

8   unavailable ones."  <u>Ross</u>, 578 U.S. at 642 (brackets in original).  In discussing availability in

9   <u>Ross</u>, the Supreme Court identified three circumstances in which administrative remedies were

10   unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which

11   officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2)

12   where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern

13   or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a

14   grievance process through machination, misrepresentation, or intimidation."  <u>Ross</u>, 578 U.S. at

15   644.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an

16   inmate's obligation to exhaust – irrespective of any 'special circumstances.' "  <u>Id.</u> at 639.

17   "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes,

18   foreclosing judicial discretion."  <u>Id.</u> at 632.

19          IV.   <u>DISCUSSION</u>

20                A.  <u>Plaintiff's Complaint is Untimely</u>

21          Irrespective of the fact that Plaintiff's FAC impermissibly raises claims that were not

22   raised in the original complaint – which is also grounds for dismissal (<u>see</u> generally <u>George v.</u>

23   <u>Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007)) (stating no unrelated claims may be filed in amended

24   complaint), this matter must be summarily dismissed for two independent threshold reasons.

25   First, the FAC is untimely.  In both claims, Plaintiff states that the incidents in question occurred

26   on September 29, 2016.  <u>See</u> ECF No. 20 at 3-4.  Thus, absent any tolling to exhaust

27   administrative remedies – which Plaintiff's FAC clearly states he never did – Plaintiff's original

28

1  complaint should have been filed no later than four years from that date, which is September 29,

2  2020.

3         Plaintiff's original complaint was signed, and thus, constructively filed on April 29,

4  2022.[2]  See ECF No. 1 at 7 (signature date of complaint).  This was a full one year and seven

5  months past September 29, 2020, the last day that Plaintiff was able to file a complaint in this

6  Court.  For this reason, this case should be summarily dismissed.

7         B.  Plaintiff Has Failed to Exhaust Administrative Remedies Without Excuse

8         Plaintiff's FAC must also be dismissed because in it, he has failed to provide a viable and

9  plausible excuse under Ross for not having exhausted his administrative remedies in the Madera

10  County Jail prior to filing his original complaint in this Court.  See generally ECF No. 20.

11  Plaintiff's contradictory statements that there is an administrative remedy process at the jail, but

12  that he did not use the process because "remedies for complaint are unavailable at institution,

13  facility or prison," (see id. at 2), without more, does not, consistent with Ross, sufficiently excuse

14  the fact that he has not exhausted his administrative remedies.  For this reason as well, Plaintiff's

15  complaint must be summarily dismissed.

16        V.  CONCLUSION

17       In sum, because:  (1) Plaintiff's complaint was filed well beyond the four-year statute of

18  limitations period, and (2) it is clear on the face of the FAC that Plaintiff did not exhaust his

19  administrative remedies, and that he has provided no viable excuse under Ross for not having

20  done so, the Court must recommend that this matter be summarily dismissed.  Prior to doing so,

21  however, Plaintiff will be ordered to show cause why it should not be.  As an alternative to filing

22  the showing of cause, Plaintiff may voluntarily dismiss this matter pursuant to Federal Rule of

23  Civil Procedure 41(a)(1)(A)(i).  Plaintiff will be given fourteen days to take either course of

24  action.

25

26  [2]  The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule.
   See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for
27  prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330
   F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544
28  U.S. 408 (2005).

1    Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this

2    order, Plaintiff shall SHOW CAUSE why this matter should not be SUMMARILY DISMISSED

3    as untimely in violation of the Statute of Limitations and for failure to exhaust administrative

4    remedies.

5    **Plaintiff is cautioned that failure to timely respond to this order within the time**

6    **allotted may result in a recommendation that this matter be dismissed.**

7    **Plaintiff is further cautioned that absent exigent circumstances, <u>no</u> requests for**

8    **extensions of time to respond to this order will be granted.**

9

10

11   IT IS SO ORDERED.

12   Dated:   **July 29, 2025**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28