UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAFAIN HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MADERA, et al.,<br><br>Defendants. | No. 1:22-cv-00660 JLT GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED AS BARRED BY HECK v. HUMPHREY, 512 U.S. 477 (1994) AND AS SUBSTANTIVELY DUPLICATIVE OF HARRIS v. MOORE, No. 1:22-cv-00601 ADA CDB<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's first amended complaint ("FAC") and his showing of cause. ECF Nos. 20, 22. For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and as substantively duplicative of Harris v. Moore, No. 1:22-cv-00601 ADA CDB. Plaintiff will be given fourteen days to file objections to this order.

1

I.  RELEVANT BACKGROUND

A. Plaintiff's Complaint

On May 20, 2025, Plaintiff's complaint was screened. ECF No. 17. The complaint named the City of Madera; the Madera Sheriff Department, and the Madera County Department of Corrections as Defendants, and it raised general violations of right stemming from Defendants' alleged violations of government policies related to the California Law Enforcement Telecommunications System ("CLETS"), and acts of negligence related to his federal rights. See ECF No. 1 at 1-3. It alleged that the violations of right occurred from September 29, 2016, through October 23, 2017, and that the alleged violations were ongoing. See id. at 6. He sought compensatory and punitive damages from Defendants. Id. at 7.

B. Screening Order

In the screening order, the Court found that the pleading failed to state a claim upon which relief could be granted because it contained no specific facts and because it failed to identify the governmental policy and/or procedure that Defendants were alleged to have violated. See ECF No. 17 at 5. In addition, the Court found that Plaintiff's allegations against entities like the sheriff's department were not actionable under Section 1983 for the actions of an employee, and that absent a showing of a clear policy or custom, a municipality could not be held liable under Section 1983, either. Id. at 5-6.

Based on these findings, the undersigned found that the complaint failed to state any claim upon which relief could be granted, and Plaintiff was given the opportunity to file an amended complaint. ECF No. 17 at 8-9. He was given thirty days to do so.

C. Plaintiff's First Amended Complaint

1. Facts Alleged

On July 28, 2025, Plaintiff's FAC was docketed. ECF No. 20. In it, Plaintiff named the City of Madera again as a Defendant. See id. at 1. Plaintiff also named two completely different Defendants who were not mentioned in the original complaint: Luz Romero, the Administration Supervisor for the Madera Department of Correction, and Christine Najiir of the Madera County District Attorney's Office. Id. at 2-3.

1  In Plaintiff's two claims in the FAC, he essentially alleges that Defendants Romero and
2 Najiri violated his due process rights and engaged in negligence, illegal misconduct, and the
3 deprivation of his liberty, civil and constitutional rights when, on September 29, 2016, they
4 conspired to and arranged unauthorized visitation between himself and one Klara Bess, for the
5 purpose of entrapment and the gathering of incriminating information against him related to a
6 criminal conviction.  See ECF No. 20 at 3-4.  Plaintiff's FAC also clearly states that there was an
7 inmate appeal process available to him at the Madera County Jail, but that he did not file an
8 appeal or a grievance related to his two claims because "remedies for complaint are unavailable at
9 institution, facility or prison."  Id. at 2 (errors in original).

10 　　　　　　　　　　　　2.　Harm Caused and Remedy Sought
11 　　Plaintiff ultimately claims that he has been deprived of due process and that he has been a
12 victim of negligence; of illegal misconduct; of the deprivation of liberty, and the like.  ECF No.
13 20 at 3-4.  He asks for compensatory and punitive damages as well as a jury trial.  Id. at 5.

14 　　　　　　　　　　D.　Order Directing Plaintiff to Show Cause
15 　　On July 29, 2025, consistent with Plaintiff's clear statement that he had not exhausted his
16 administrative remedies and, in retrospect, because it was not clear in the FAC that Plaintiff was
17 attempting to challenge his conviction and/or sentence, the Court ordered Plaintiff to show cause
18 why this matter should not be dismissed as untimely as well as for failure to exhaust
19 administrative remedies.  See ECF No. 21.  On August 11, 2025, Plaintiff's showing of cause was
20 docketed.  ECF No. 22.

21 　　　　　　　　　　E.　Plaintiff's Showing of Cause
22 　　In Plaintiff's showing of cause, he states that this matter should not be dismissed as
23 untimely and/or for failure to exhaust, because when he told his public defender about the
24 September 29, 2016, incident, his public defender notified the trial court of the issue.  See ECF
25 No. 22 at 1.  Thereafter, the trial court instructed his public defender to take the issues up on
26 appeal.  See id.  Plaintiff further states that on October 23, 2017, when he learned that a visitation
27 video would be a key piece of material at trial, and he told the trial court again that the actions in
28 question were a violation of his rights, once again, the trial court instructed him to appeal any

3

1  issues that he had in his case. Id. Plaintiff states that both his state trial and appellate attorneys

2  notified the courts of the violations. ECF No. 22 at 2.

3      Plaintiff goes on to state that afterwards, he raised the same issues via a civil rights

4  complaint in this Court. ECF No. 22 at 2. However, when he did, he was told that Section 1983

5  was not to be used as an appeal process. Id. He states that the Court also told him that he had to

6  exhaust state remedies before he could bring a claim under Section 1983. Id.

7      The remainder of Plaintiff's showing of cause indicates that Plaintiff was never informed

8  by his state appellate attorney that his state appeal had concluded in the California Supreme Court

9  in 2020. ECF No. 22 at 2. He states that he only learned of this fact in 2022. Id.

10      In sum, Plaintiff's showing of cause argues that this matter should not be dismissed as

11  untimely because he "took all steps to notify and inform the court and his attorney of all issues

12  and actions." ECF No. 22 at 3. Plaintiff further argues that because his state appellate attorney

13  abandoned him on appeal, this "set his time back." Id. Consequently, he asks the Court to permit

14  him to continue with his claim, given that he tried to pursue his case alone; that he is not an

15  attorney; that he does not fully understand the law, and that he needs help. Id.

16      II.   DISCUSSION

17      A. Court Takes Judicial Notice of Plaintiff's Related, Previously Filed Cases

18      At the outset, the contents of Plaintiff's showing of cause, specifically, where Plaintiff

19  states that he has presented these claims to this Court before (see ECF No. 22 at 1) has prompted

20  the Court to search its case database to find the matter that Plaintiff states he previously brought

21  before it. Having done so, the Court takes judicial notice[1] of the fact that there appear to be two

22  related Section 1983 civil rights cases that Plaintiff filed in this Court before he filed the instant

23  matter: Harris v. Madera County Department of Corrections, No. 1:18-cv-00942 LJO GSA

24  ("Harris I"), and Harris v. Madera County, No.1:18-cv-01210 LJO JDP ("Harris II").

---

[1] It is well-established that a court may take judicial notice of its own records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); see United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997); see also Fed. R. Evid. 201 (stating court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot be reasonably questioned).

In <u>Harris I</u>, Plaintiff's complaint raises claims of violations of his Fourth Amendment rights stemming from Defendant Madera County Department of Corrections ("MCDC") setting up an unauthorized visitation with him and another individual on September 29, 2016, for the sole purpose of providing the prosecution with evidence that was to be used against Plaintiff in a criminal case. See <u>Harris I</u>, ECF No. 1 at 3-4. In <u>Harris II</u>, Plaintiff's complaint alleges violations of his Fifth Amendment and due process rights stemming from the fact that between October 2, 2017, and October 24, 2017, the state trial judge who was assigned to Plaintiff's criminal case permitted the evidence that MCDC had obtained to be used against him. See <u>Harris II</u>, ECF No. 1 at 3-5.

### B. Plaintiff's FAC Challenges the Propriety of His Criminal Conviction

A comparison of Plaintiff's FAC with the complaints in <u>Harris I</u> and <u>Harris II</u>, as well as with the statements in Plaintiff's showing of cause, which – like <u>Harris I</u> and <u>Harris II</u> – reference the September 29, 2016, date and an October 23, 2017, date, leads the Court to find that the instant FAC is ultimately attempting to challenge the validity of Plaintiff's conviction. It is not attempting to challenge specific policies, practices, or procedures of MCDC that led to Plaintiff having an "unauthorized" visit with a "restricted party," in violation of any particular constitutional right of his. As a result, the questions of timeliness and exhaustion that the Court directed Plaintiff to address in its order to show cause are irrelevant, because prior to addressing questions of timeliness and exhaustion, the first threshold task is to determine whether a matter has been properly filed under the correct statute. As discussed below, this matter has not been.

### C. Plaintiff's FAC Is Barred by Heck v. Humphrey

#### 1. Applicable Law

The favorable-termination rule laid out in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) provides that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. <u>Id.</u> at 486-87; see <u>Muhammad v. Close</u>, 540 U.S. 749, 750-51 (2004). Specifically, the Supreme Court held:

> [I]n order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (brackets added). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

### 2. Analysis

#### i) Section 2254 Governs Instant Pleading

Plaintiff's FAC is ultimately challenging the validity of his conviction, and it requests monetary damages. In addition, Plaintiff has not provided any information to the Court which indicates that his conviction or sentence was reversed, declared invalid at the state level, or called into question via a federal court issuing him a writ of habeas corpus (see generally ECF No. 20) (Plaintiff's FAC). For these reasons, Plaintiff's complaint is barred by Heck, and the Court cannot consider it under the Section 1983 civil rights statute. Instead, the matter must be considered – if at all – under the Section 2254 habeas statute.

#### ii) Claims In Instant Pleading Have Previously Been Considered by Court

However, further review of Plaintiff's showing of cause indicates that his appeal in state court related to his unauthorized visitation claims was denied as having been untimely filed. See generally ECF No. 22 at 2 (Plaintiff stating same). In addition, the Court's case database indicates that in May of 2022, Plaintiff filed a federal habeas petition in Harris v. Moore, No. 1:22-cv-00601 ADA CDB ("Harris Petition"). That petition raised Plaintiff's same unauthorized visit claims, and it, too, protested the use at trial of the evidence that came from that visit. See Harris Petition, ECF No. 7 at 4-5 (petition, Claims One and Two).

#### iii) Claims In Instant Pleading Were Dismissed by This Court as Untimely

Ultimately, the federal habeas matter was dismissed by this Court has having been untimely filed. See Harris Petition, ECF No. 20 at 4 (findings and recommendations); see also

Harris Petition, ECF Nos. 22, 23 (order adopting same and judgment).  Therefore, any effort on Plaintiff's part to try to refile this case as a habeas matter will likely end in that matter's dismissal on the grounds that it is untimely and/or that it is duplicative of the Harris Petition.

III.   CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's FAC is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and that its substantive content is duplicative of Harris v. Moore, No. 1:22-cv-00601 ADA CDB.  As a result, it must be dismissed.  However, prior to making this recommendation, Plaintiff will be ordered to show cause why this matter should not be dismissed for these two reasons.  He will be given fourteen days to do so.

IT IS SO ORDERED.

Dated:   **August 15, 2025**             /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE