# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAFAIN HARRIS, | No.  1:22-cv-00660-JLT-FRS (BAM) (PC) |
| Plaintiff, | ORDER DISCHARGING ORDERS TO SHOW CAUSE (ECF Nos. 21, 23) |
| v. | |
| CITY OF MADERA, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS BARRED BY *HECK V. HUMPHREY*, AND AS BARRED BY RES JUDICATA (ECF No. 20) |
| Defendants. | |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Daniel Jafain Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 29, 2025, the Court issued an order requiring Plaintiff to show cause why this action should not be summarily dismissed as untimely filed and for failure to exhaust administrative remedies.  (ECF No. 21.)  Plaintiff filed a response on August 11, 2025.  (ECF No. 22.)  In light of Plaintiff's response, the Court issued a second order requiring Plaintiff to show cause why this matter should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and as substantively duplicative of *Harris v. Moore*, Case No. 1:22-cv-00601-ADA-CDB.  (ECF No. 23.)  Plaintiff filed a response on September 2, 2025.  (ECF No. 24.)

///

1

Plaintiff's first amended complaint, filed July 28, 2025, (ECF No. 20), and his responses to the Court's orders to show cause, are before the Court for screening.

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at Centinela State Prison in Imperial, California.  It appears Plaintiff alleges the events in the first amended complaint occurred while he was housed by the Madera County Department of Corrections.  Plaintiff names as defendants: (1) City of Madera; (2) Luz Romero, Administration Supervisor, Madera Department of Corrections; and (3) Christine Najiir, District Attorney, Madera County District Attorney Office.[1]

---

[1] In the original complaint, Plaintiff also named the Madera Sheriff Department and the Madera County Department

In the first amended complaint, Plaintiff alleges violations of the following rights: "Due process, negligence, deprivation of liberty, illegal misconduct, civil rights, constitutional rights." Plaintiff alleges that on September 29, 2016, Defendant Najiir conspired with Defendant Romero to illegally obtain evidence for the purpose of incrimination and entrapment of Plaintiff in a criminal conviction, by arranging an unauthorized visitation between Plaintiff and Klara Bess in violation of a court criminal protective order restricting contact between the two parties.  Plaintiff requests compensatory and punitive damages and a jury trial.

In the August 11, 2025 response to the Court's order to show cause regarding timeliness and exhaustion of administrative remedies, Plaintiff further alleges that he informed his public defender following the September 29, 2016 visitation, and when Plaintiff's public defender notified the court of this issue the public defender was told to take these matters up on appeal. Plaintiff found out on October 23, 2017 that the visitation video would be a key piece of material in trial and notified the court again that these actions were a violation of his rights, and was again instructed to appeal any issues.  Plaintiff later filed a civil rights complaint with the Eastern District Court regarding the same issues and was told by the Court that a 1983 action is not to be used as an appeal process, and Plaintiff was instructed to exhaust state remedies before bringing a 1983 claim.  Plaintiff went through the appeal process and was abandoned by his appeal attorney without notification.  Plaintiff did not learn that his appeal had been denied in 2020 until he contacted the Court of Appeal (Supreme Court) in 2022.  Plaintiff then filed a writ of habeas corpus, which was dismissed because of time limitations.  Plaintiff requests that he be permitted to continue with his claims because he attempted to notify the court through his attorneys, and he was abandoned by his attorney during his appeal.

In the September 2, 2025 response to the Court's order to show cause regarding *Heck v. Humphrey* and Plaintiff's duplicative action, Plaintiff argues that the Court should assist him by ordering an investigation into these matters to seek justice, and despite seeking help from the Court, the Court continues to punish Plaintiff for lacking knowledge of the law.

///

of Corrections as defendants.  (ECF No. 1, pp. 2–3.)

3

**III.    Discussion**

Plaintiff's first amended complaint fails to state a cognizable claim for relief because it is barred by *Heck v. Humphrey*, and is duplicative.

**A.    *Heck v. Humphrey* and the Favorable Termination Rule**

As a general matter, prisoners may not challenge the fact or duration of their confinement in a § 1983 action. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005).  Often referred to as the favorable termination rule or *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81 (italics in original); *see Heck v. Humphrey,* 512 U.S. 477, 481–82, 487 (1994).  Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 481–82.  Therefore, Plaintiff's § 1983 claim is barred if prevailing on that claim "would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence[.]" *Beets v. Cty. of L.A.*, 669 F.3d 1038, 1042 (9th Cir. 2012) (internal punctuation omitted).  The doctrine does not prohibit a civil rights claim if the claim does not necessarily implicate the underlying disciplinary action. *See Muhammad v. Close*, 540 U.S. 749, 754–55 (2004).

As alleged in Plaintiff's August 11, 2025 response and further discussed in the August 15, 2025 order to show cause, Plaintiff has previously filed an appeal in state court and a federal habeas petition regarding the same claims raised in the instant action.  (ECF No. 22, p. 2; ECF No. 23, pp. 6–7.)  The state court appeal was denied, and the federal habeas petition dismissed, both as untimely filed.  (*See* ECF No. 23, pp. 6–7); *Harris v. Moore*, Case No. 1:22-cv-00601-ADA-CDB, Docs. 20, 22, 23.

Plaintiff's September 2, 2025 response to the August 15, 2025 order to show cause does not dispute the outcomes of these actions, and only argues that the Court should assist Plaintiff in

seeking justice and allowing his claims to proceed.  Plaintiff also does not argue that he is not attempting to challenge his conviction, or that a finding that Defendants are liable on Plaintiff's claims regarding incrimination and entrapment would not necessarily imply the invalidity of Plaintiff's conviction.  As there is no indication in the record that Plaintiff's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff may not proceed on his claims in the first amended complaint. *Heck*, 512 U.S. at 486.  Plaintiff's claims are therefore barred by the favorable termination rule.

### B.    Claim Preclusion – Res Judicata

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

Even assuming Plaintiff's claims were not *Heck*-barred, Plaintiff's repeated assertions that his claims were raised and rejected in prior actions indicates that his claims are barred by claim preclusion, or the doctrine of res judicata.  The Court previously took judicial notice of Plaintiff's prior civil rights actions: *Harris v. Madera Cnty. Dep't of Corrs.* ("*Harris I*"), Case No. 1:18-cv-00942-LJO-GSA, and *Harris v. Madera Cnty.* ("*Harris II*"), Case No. 1:18-cv-01210-LJO-JDP, both filed with this Court.  (*See* ECF No. 23, p. 4.)  The allegations in this action arise out of the same nucleus of facts and allege infringement of the same rights as those in *Harris I* and *Harris*

5

*II.* In both cases, the Court dismissed Plaintiff's claims as barred by *Heck v. Humphrey* because Plaintiff attempted to challenge the validity of his conviction by arguing that evidence was illegally obtained and then used against Plaintiff in his criminal case. *See generally Harris I*, Docs. 23, 24; *Harris II*, Docs. 10, 14. Plaintiff thus received a final judgment on the merits of his claims in both cases. *Id.*

Finally, there is privity between the parties, due to their commonality of interests. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (privity exists between different individuals employed by the same government agency) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940)); *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1183 (S.D. Cal. Aug. 11, 2006) (privity existed between prison officials where parties in the present suit held the same positions and stood in the same relation to the inmate-plaintiff as those in the earlier suit). While Plaintiff has named various entities including the County of Madera, Madera County Department of Corrections, Madera District Attorney's Office, and Madera County Sheriff's Department, Plaintiff ultimately argues that each or all of them are responsible for obtaining and then using the incriminating evidence that led to his conviction. Accordingly, dismissal of Plaintiff's prior actions operates as final judgment on the merits of the claims raised in the present action.

### C.    Futility of Amendment

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)).

*///*

6

The Court has determined that Plaintiff's claim is barred by *Heck v. Humphrey* and by the doctrine of res judicata.  Plaintiff has repeatedly raised the same claims before the Court in both civil rights actions and in habeas petitions.  As there is no indication that Plaintiff can plead any additional facts to cure these defects, it would be futile to grant Plaintiff leave to amend.  *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

**IV.     Order and Recommendation**

Accordingly, the orders to show cause issued on July 29, 2025, (ECF No. 21), and August 15, 2025, (ECF No. 23), are HEREBY DISCHARGED.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, as barred by *Heck v. Humphrey*, 512 U.S 477 (1994) and as barred by the doctrine of res judicata, without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2026**          /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

7