**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL JAFAIN HARRIS, | No.  1:22-cv-00660 JLT FRS (BAM) (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 28) |
| v. | |
| CITY OF MADERA, et al., | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS BARRED BY *HECK V. HUMPRHEY*, AND AS BARRED BY RES JUDICATA (Doc. 27) |
| Defendants. | |

Daniel Jafain Harris is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 14, 2026, the Magistrate Judge screened the first amended complaint and issued findings and recommendations recommending that this action be dismissed, with prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and as barred by the doctrine of res judicata, without leave to amend.  (Doc. 27.)  On February 2, 2026, Plaintiff timely filed objections to the findings and recommendations, together with a motion to appoint counsel. (Doc. 28.)

With respect to Plaintiff's request for counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the

1

court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request for the appointment of counsel and does not find the required exceptional circumstances.  Plaintiff argues only that he does not understand what the Court is requesting and needs legal counsel to help him understand the language of the Court.  (Doc. 28.)

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners with limited understanding of the law almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel. Furthermore, the Court does not find Plaintiff is likely to succeed on the merits.  Given Plaintiff's failure to state a claim thus far, the Court cannot find any likelihood of success on the merits.

Finally, Plaintiff states only that he objects to the findings and recommendations but does not provide any argument for overturning the findings and recommendations.  (Doc. 28.)

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1.  Plaintiff's motion for appointment of counsel, (Doc. 28), is **DENIED**.

2.  The findings and recommendations issued on January 14, 2026, (Doc. 27), are

2

**ADOPTED IN FULL**.

3.   This action is **DISMISSED**, with prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477

(1994), and as barred by the doctrine of res judicata, without leave to amend.

IT IS SO ORDERED.

Dated:    **February 5, 2026**

UNITED STATES DISTRICT JUDGE

3